IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. WILSON, | : | |
| Plaintiff, | : | No.: 3:15-cv-01813 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| AVERTEST, et al., | : | |
| | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

This is a *pro se* federal civil rights action, brought pursuant to 42 U.S.C. § 1983. The plaintiff, John D. Wilson, has been granted leave to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915. On September 7, 2016, we recommended that the defendants' motion to dismiss the complaint be granted and that Wilson be granted leave to file an amended complaint. (Doc. 20). The court adopted our Report and Recommendation in its entirety and granted Wilson leave to amend the complaint. (Doc. 21). On October 14, 2016, Wilson timely filed his amended complaint. (Doc. 22). For the reasons stated herein, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  Background

In his amended complaint, Wilson alleges that Avertest, through its employees, defendants Shane Doe and Ethan Doe, committed unethical acts in violation of his Fourth and First Amendment rights. He claims that Shane Doe and Ethan Doe demanded that Wilson "drop his pants, lift up his testicles, turn, bend over and spread his rectum" on 32 separate occasions between July 14, 2015 through September 27, 2015. (Doc. 22, at 1). The amended complaint does not contain any new allegations from the predecessor complaint. Similar to the complaint, the amended complaint makes no reference to his status at the time of the alleged wrongful conduct that Wilson was under an intermediate punishment program sentence subject to strict supervision similar to, but greater than, that imposed upon parolees and probationers. See generally 42 Pa. Cons. Stat. Ann. § 9804. Further, the amended complaint, like the complaint, lacks any specificity describing the nature of the searches, where they were conducted, who was present, whether Wilson was touched in the process, and whether the searches were obtrusive.

II.   Legal Standard

A plaintiff proceeding in forma pauperis is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." Brodzki v. Tribune Co., 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

3

allegation." <u>Morrow v. Balaski</u>, 719 F.3d 160, 165 (3d Cir. 2013) (quoting <u>Baraka v. McGreevey</u>, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

III. <u>Discussion</u>

We incorporate by reference our Report and Recommendation dated September 7, 2016 (Doc. 20), and the analysis contained therein. Upon review of the amended complaint, Wilson, having been given the opportunity to address the defects of the complaint through the filing of an amended complaint, has failed to allege claims upon which relief can be granted.

Accordingly, it is recommended that the amended complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We further recommend that these claims be dismissed <u>without</u> leave to file a curative amendment, as amendment under these circumstances is clearly futile. <u>See generally</u>

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Further, Wilson was previously granted the opportunity to amend his complaint. (Doc. 21).

IV.   Recommendation

For the foregoing reasons, it is hereby recommended that:

1.   The amended complaint (Doc. 22) be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.   The Clerk be directed to **CLOSE** this case.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: October 25. 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. WILSON, | : | |
| Plaintiff, | : | No.: 3:15-cv-01813 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | (Magistrate Judge Saporito) |
| AVERTEST, et al., | : | |
| | : | |
| Defendants. | : | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 25, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: October 25, 2016